UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID WEIRICH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | No. CV-11-5081-LRS <br><br> **ORDER GRANTING MOTION TO DISMISS** |

**BEFORE THE COURT** is the Defendant's Motion to Dismiss. (ECF No. 12). This motion is heard without oral argument. (ECF No. 14). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED**. (ECF No. 12).

**I**

On May 13, 2011, Mr. David Weirich, the plaintiff, filed a pro se complaint against the United States alleging the Authorization for Use of Military Force (AUMF) no longer satisfies the "specific statutory authorization" required for

**ORDER GRANTING MOTION TO DISMISS- 1**

military action to continue in Afghanistan under the War Powers Act. (ECF No. 1). Congress enacted the AUMF as a joint resolution, as opposed to a bill. Pub. L. No. 107-40, § 2(a), 115 Stat. 224. For this reason, Mr. Weirich argues that any valid authorization given by the AUMF "expired" with the Congress that enacted it. (ECF No. 1 at 3, 6). Accordingly, Mr. Weirich asks this court to grant declaratory judgment that the current use of military force in, and all corresponding orders sending members of the United States Armed Forces to, Afghanistan are unlawful. (ECF No. 1 at 6).

The United States moves to dismiss Mr. Weirich's complaint pursuant to FRCP 12(b)(1) and 12(b)(6). (ECF No. 12, 13). The United States argues that Mr. Weirich's case should be dismissed because he lacks Article III standing, his complaint is unripe for decision, and his complaint raises a non-justiciable political question. (ECF No. 13). Additionally, the United States argues that "there is no relevant constitutional distinction between laws enacted as joint resolutions and laws enacted as bills." (ECF No. 13 at 13).

In response, Mr. Weirich argues that he has standing, his case is ripe for a decision, and his complaint does not raise a non-justiciable political question. Further, Mr. Weirich insists this court's intervention is appropriate because he "believes his elected officials are behaving in a manner inconsistent with the law." Therefore, Mr. Weirich concludes he "has a right to request the Court for ruling on

**ORDER GRANTING MOTION TO DISMISS- 2**

such behavior when the issue satisfies the political question condition for whom he votes in order to ensure accountability in the electoral process."

## II

### A. Source of Judicial Power

The United States Constitution creates a separation of powers among the legislative, executive, and judicial branches of government.  U.S. Const. Article I-III.  Such separations are designed to stabilize and enable democracy by preventing the concentration of power within any one branch. See Federalist Papers No. 51. Article III of the United States Constitution both grants and limits judicial "Power" by allowing the judiciary to only decide "Cases" or "Controversies."  U.S. Const., Art. III, § 2. See also *Ariz. Christian Sch. Tuition Org. v. Winn*, ___ U.S. ___, 131 S. Ct. 1436, 1441 (2011), citing <u>Summers v. Earth Island Institute, 555 U.S. 448, 129 S.Ct. 1142, 1148 (2009).</u>

It is vital to the sustainability of separation of powers that each branch of government, including the judiciary, operate within its constitutional grants of power. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S.Ct. 1003, 1016 (1998) ("Much more than legal niceties are at stake here...(especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and

**ORDER GRANTING MOTION TO DISMISS- 3**

even restraining them from acting permanently regarding certain subjects."). If the judiciary were to act beyond its constitutional grant of power by deciding questions or issues of law that are not "Cases" or "Controversies," it would be "inimical to the Constitution's democratic character." And the resulting conflict between the judicial and the political branches would not, "in the long run, be beneficial to either." *Ariz. Christian Sch.,* 131 S. Ct. at 1442, quoting United States v. Richardson, 418 U.S. 166, 188–189, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974) (Powell, J., concurring).

### B. Standing Requirement

To state a "Case" or "Controversy" under Article III, a plaintiff must establish standing. *Ariz. Christian Sch.,* 131 S. Ct. at 1442. In order to establish standing: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.,* quoting *Lujan v. Defenders of the Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**ORDER GRANTING MOTION TO DISMISS- 4**

In order satisfy the injury-in-fact requirement, "the injury plaintiff alleges must be unique to that plaintiff, one in which he has a 'personal stake' in the outcome of a litigation seeking to remedy that harm." *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 821 (9th Cir.2002), citing *Raines v. Byrd,* 521 U.S. 811, 818-19, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997). Further, "the injury must be more than a generalized grievance common to all members of the public." *Rubin v. City of Santa Monica*, 308 F.3d 1008, 1020 (9th Cir.2002), citing *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216-27, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974).

Although Mr. Weirich is clearly concerned about the lawfulness of the United States' military action in Afghanistan, he has not alleged an "injury-in-fact" which is concrete, particularized, and actual or imminent. Here, Mr. Weirich alleges no personal harm that is "more than a generalized grievance common to all members of the public." In fact, Mr. Weirich's complaint in no way suggests that he has individually suffered any legally cognizable harm related to the United States' military actions in Afghanistan.

Instead of asserting a personalized injury-in-fact, Mr. Weirich chose to emphasize the benefit he would receive from a declaratory judgment. (ECF No. 19). Specifically, Mr. Weirich seeks to use the court's declaratory ruling as an informational tool prior to voting in federal elections. (ECF No. 19 at 2). Courts

**ORDER GRANTING MOTION TO DISMISS- 5**

have consistently held that an interest shared generally with the public at large in the proper application of the Constitution and laws is not sufficient to establish standing.  See *Arizonans for Official English v. Arizona,* 520 U.S. 43, 64, 117 S.Ct. 1055, 1067 (1997); *Lance v. Coffman*, 549 U.S. 437, 438, 127 S.Ct. 1194, 1196 (2007); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021-22(9th Cir. 2004).  Additionally "[a]n asserted right to have the Government act in accordance with the law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754, 104 S.Ct. 3315, 3326, 82 L.Ed.2d 556 (1984).  Likewise, Mr. Weirich's "interest" in having this court declare whether the Government is acting in "accordance with the law" by using military force in Afghanistan is "shared generally with the public at large" and "is not sufficient, standing alone, to confer jurisdiction on a federal court."

In this case, Mr. Weirich asks this court to answer a question of law which is outside its constitutionally granted authority to only decide "Cases" or "Controversies."  When asked to decide such an issue, the judiciary is "powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155-56, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

**ORDER GRANTING MOTION TO DISMISS- 6**

### C. Other Grounds for Dismissal

The Defendant asserts multiple other grounds for dismissal. As the court's conclusion on the threshold element of standing is dispositive, no further analysis is necessary.

### III

Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED** and the captioned matter is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).  The Plaintiff lacks standing and hence, this court lacks subject matter jurisdiction.

**IT IS SO ORDERED**.  The District Executive is directed to enter judgment accordingly, forward copies of the judgment and this order to Plaintiff and to counsel for Defendant, and close the file.

**DATED** this 3rd day of October, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING MOTION TO DISMISS- 7**